IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLA VENTRELLA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-cv-9344 ) |
| NATIONAL AUTO PARTS, INC., NATIONAL AUTO PARTS, INC. NEW WORLD INTERNATIONAL, NEW WORLD INTERNATIONAL, INC., and UNITED COMMERCE CENTERS, INC., | ) ) ) ) ) ) ) |
| | ) **Jury Trial Requested** ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Nicola Ventrella ("Plaintiff"), by and through his attorneys, Faccenda Law Group LLC, and for his Complaint against the Defendants, NATIONAL AUTO PARTS, INC., NATIONAL AUTO PARTS, INC. NEW WORLD INTERNATIONAL, NEW WORLD INTERNATIONAL, INC. and UNITED COMMERCE CENTERS, INC. (hereinafter referred to collectively as "Defendants"), states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to The Americans With Disabilities Act (the "ADA") 42 U.S.C. §2000(e) *et. seq.*, seeking to redress the Defendant's unlawful employment practices on the basis of disability.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which states that federal courts have primary jurisdiction over actions that arise under the laws of the United States.

3. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this District, Defendants were engaged in business in this District, and the events giving rise to the claims alleged in this Complaint occurred in this District.

## PARTIES

4. Plaintiff Nicola Ventrella is an individual residing in Cook County, Illinois, who was employed as a driver for the Defendants at the Defendants' facility located at 1005 Republic Drive Addison ("Addison Facility"), DuPage County, Illinois.

5. Defendant National Auto Parts, Inc. is an auto parts supply and services company incorporated in the state of Illinois and Texas, previously qualified and doing business in Illinois, including in DuPage County, Illinois, and qualified and doing business in Texas, including in Dallas County, Texas.

6. Defendant National Auto Parts, Inc. New World International is an auto parts supply and services company incorporated in the state Texas, qualified and doing business in Texas, including in Dallas County, Texas.

7. New World International, Inc. is an auto parts supply and services incorporated in the state of Texas, qualified and doing business in Texas, including Dallas County, Texas.

8. United Commerce Parts, Inc. is an auto parts supply and services company incorporated in the state of Texas, qualified and doing business in Texas, including Dallas County, Texas.

9. At all relevant times, the Defendants had more than fifteen (15) employees in Illinois and were an "Employer" as defined by the ADA.

10. At all relevant times, Plaintiff was qualified to perform his job duties with the Defendants. At all relevant times, Plaintiff satisfactorily performed his job duties with the Defendants.

11. In 2014 and 2015 Plaintiff was employed by the Defendants and was an employee within the meaning of the ADA.

## PROCEDURAL BACKGROUND

12. On May 22, 2015, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination. A True and correct copy of that Charge is attached hereto as Exhibit A.

13. On October 5, 2017, the EEOC issued Plaintiff a Notice of Right to Sue entitling him to institute a civil action within ninety (90) days of the date of receipt of said Notice. A true and correct copy of that Notice is attached hereto as Exhibit B.

14. Plaintiff has filed this lawsuit within ninety (90) days of receiving the EEOC Notice of Right to Sue. Plaintiff has fulfilled all conditions precedent to the institution of his lawsuit under the ADA.

## FACTS

15. Plaintiff began working for the Defendants on or about August of 2014 as a driver at Defendants' Addison Facility.

3

16. Prior to beginning his employment with the Defendants, in approximately 2011, Plaintiff had experienced a severe episode of major depression with psychosis for which he was hospitalized and under the care of a psychiatrist and placed on antidepressant medication.

### *Depression Returns*

17. On January 26, 2015, Plaintiff visited his primary care physician, Dr. David Demorest complaining of difficulty concentrating, anxiousness and not feeling like himself.

18. Dr. Demorest attempted to contact Plaintiff's former psychiatrist but was unable to contact him as he was out of town. Dr. Demorest then diagnosed Plaintiff with a depressive disorder and prescribed a renewal of Plaintiff's antidepressant, Citalopram. Dr. Demorest also excused Plaintiff from work until his depression improved.

### *Request for Reasonable Accommodation*

19. Following his January 26, 2015 appointment with Dr. Demorest, Plaintiff called his supervisor, Jerry Lin ("Lin"), and told Lin that he need to be off work until approximately February 3, 2015 due to a reoccurrence of an emotional disorder and depression. Lin told Plaintiff not to worry and to bring his doctor's note with him when he was able to return to work. Plaintiff also faxed his doctor's note to Lin that day.

20. On January 26, 2015, Plaintiff also called Defendants' human resources manager, Jason Jing ("Jing"), and Plaintiff also told Jing that Plaintiff needed a week off because of an emotional disorder and depression and Jing also approved his request for that reasonable accommodation.

21. On January 28, 2015, Lin called Dr. Demorest to confirm Plaintiff's treatment and need for time off work due to his disability. Dr. Demorest confirmed that Plaintiff was under his care and that he was treating Plaintiff for an emotional disorder and that he (Dr. Demorest) anticipated that Plaintiff could return to work soon once his depression improved.

22. By January 30, 2015 Plaintiff's depression had improved and he visited his doctor's office again, which then cleared him to report to work on February 2, 2015.

23. On February 2, 2015, a major snow storm occurred, and Plaintiff's car became stuck in the snow and he could not make work on time. Plaintiff sent a text to work informing them of his problem. Lin then called and told him not to worry as the Addison Facility was closed due to the weather. Plaintiff subsequently learned that his co-workers Junior and Miguel Hernandez also could not make it in to the Addison Facility that day, although it did not matter as the Addison facility was closed.

*Termination*

24. On February 3, 2015, Plaintiff arrived at the Addison Facility early and Lin then called him into his office and informed Plaintiff that due to a corporate decision Plaintiff was terminated.

25. Because of the Defendants' conduct, Plaintiff has suffered loss of wages and benefits, as well as severe emotional distress, and other damages.

**COUNT I**
**ADA- Disparate Treatment/Termination**

26. Plaintiff realleges paragraphs 1 through 25 of this Complaint as and for this ¶26 as though fully set forth herein.

27. At all times relevant hereto, Plaintiff was an individual with a "disability"

and/or was considered to have a "disability," as that term is defined in the ADA, in that he suffered from major depression with psychosis.

28. Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities, including his ability to stand, drive a vehicle, apply reason and otherwise function, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of his job as a driver with or without a reasonable accommodation.

29. Plaintiff's similarly-situated employees who were not regarded as having a disability were treated more favorably than Plaintiff, as they were not terminated because of their disability.

30. The Defendants terminated Plaintiff because of his disability.

31. The Defendants' stated purpose for Plaintiff's termination was nothing but a pretext meant to conceal their true discriminatory purpose, that they fired Plaintiff because of his disability.

32 As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants for violation of Plaintiff's rights under the ADA:

B. Declare that the actions of the Defendants were discriminatory;

C. Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

D. Award Plaintiff punitive damages in such amount as the Court deems proper;

E. Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

F. Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT II
### Violation of the ADA- Failure to Accommodate/Termination

33. Plaintiff realleges paragraphs 1 through 32 of this Complaint as and for this ¶33 as though fully set forth herein.

34. At all times relevant hereto, Plaintiff was an individual with a "disability" and/or was considered to have a "disability," as that term is defined in the ADA, in that he suffered from major depression with psychosis.

35. Plaintiff had a physical or mental impairment that substantially limited one or more of his major life activities, including his ability to his ability to stand, drive a vehicle, apply reason and otherwise function, had a record of such impairment, and/or was regarded as having such an impairment. Plaintiff was qualified to perform the essential functions of his job as a driver with or without a reasonable accommodation.

36. The ADA prohibits an employer from discriminating against an individual based upon (amongst other things) his disability.

37. The ADA requires an employer to provide reasonable accommodations to its disabled employees.

38. Following his January 26, 2015 visit with his physician, and up and until his termination on February 3, 2015, Plaintiff made requests for reasonable accommodations in the form of a physician's medical limitations notes and a time off request and verbal requests by Plaintiff to the Defendants for the same, thereby asking the Defendants to make reasonable accommodations to his disability.

39. The Defendants refused these requests when they terminated Plaintiff on February 3, 2015.

40. Plaintiff's requested accommodations were reasonable and would not have been unduly burdensome for the Defendant, and could have been accommodated but for Defendants' bad faith.

41. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered great mental anguish, humiliation, degradation, emotional distress, pain and suffering, inconvenience, financial crisis, lost wages and benefits, future pecuniary losses and other consequential damages.

WHEREFORE, Plaintiff prays that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendants for violation of Plaintiff's rights under The Americans With Disabilities Act;

B. Declare that the actions of the Defendants were discriminatory;

  C. Award Plaintiff compensatory damages, including, but not limited to, lost wages and other benefits, in such amount as will reasonably compensate him for his losses, and damages for emotional distress;

  D. Award Plaintiff punitive damages in such amount as the Court deems proper;

  E. Award Plaintiff his costs, attorneys' fees and non-taxable expenses in this action, and

  F. Grant Plaintiff such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein.

           Respectfully submitted,
           NICOLA VENTRELLA


          By: */s/ Michael A. Faccenda*
           One of His Attorneys

Michael A. Faccenda
Faccenda Law Group LLC
901 West Hillgrove Avenue
La Grange, IL 60525
Tel: (708) 497-3077
maf@connorsfaccenda.com
ARDC # 6239317

9

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 440-2015-04472 |

and EEOC

_____
*State or local Agency, if any*    S.S. No.

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Nicola Ventrella | 630-486-6116 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 3510 Dora Street | Franklin Park, IL 60131 | 12/24/1992 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| National Auto Parts, Inc. | 200 + | 630-458-1060 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1005 Republic Drive | Addison, IL 60101 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
1/26/2015

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

On February 3, 2015 I was terminated from my employment with National Auto Parts, Inc. despite my request for a reasonable accommodation due to my disability.

As a result, I believe I was discriminated against because of my disability, emotional distress disorder, in violation of the Americans with Disabilities Act.

**EXHIBIT A**

RECEIVED EEOC
MAY 22 2015
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Day, month, and year)*

Date 5/22/2015    *Charging Party (Signature)*

EEOC FORM 5 (Test 10/94)

EEOC Form 161-B (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Nicola Ventrella<br>Michael Faccenda, Esq.<br>FACCENDA LAW GROUP LLC<br>901 W. Hillgrove Avenue<br>La Grange, IL 60525 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2015-04472 | Lucia Garcia,<br>Investigator | (312) 869-8175 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman* 10/5/17
Julianne Bowman, (Date Mailed)
District Director

Enclosures(s)

cc: NATIONAL AUTO PARTS
C/O: Vicki Byrnes, Esq.
MARIS & LANIER, P.C.
3710 Rawlins Street, Suite 1550
Dallas, TX 75219

EXHIBIT B